The opinion of the court was delivered by
Tilghman, C. J.
This was an amicable action, instituted for the purpose of ascertaining whether Rachael, the wife of Richard Hayden, had received any things and how much, as an advancement, from her father David Mentzer, deceased, during his life. It was proved, that David Mentzer had entered into written articles of agreement, with his son-in-law Andrew Topper, deceased, the former husband of his daughter Rachael (now the wife of Richard Hayden, and one of the plaintiffs,) by which he covenant-, ®d to convey to the said Topper in fee, a tract of land, con *333 ■taining 110 acres, a small piece of meadow adjoining it, containing 4 acres, and a tract of mountain land, containing 20 acres, in consideration whereof, Topper was to pay £200, one half in one year, and the other half in two years, from the death of Mentzer. It was contended on behalf of the defendants, and so proved by satisfactory parol evidence, that the tract of 110 acres cost Mentzer £800, and was worth that sum, and that the intent of the parties was, that £S00 should be considere'! ar* advanced by Mentzer to Topper On account of his wife, and £200, (the consideration expressed in the articles of agreement,) was to be paid for the 4 acres of meadow and the mountain land. The only question was, whether the articles of agreement, and the deeds which were afterwards executed, in pursuance of them, were not conclusive evidence, that the sole consideration was the sum of £200^ to be paid by Topper.
It has not been denied, that a father may make an advancement ,to his daughter, within the meaning of the act of assembly, by conveyance of land to her husband in fee, just as he may make an advancement by paying a sum of money to the husband. It is the property of the father, who may advance his daughter in what manner he pleases, and he may think it most for her interest to place the property under the absolute controul of the husband. But the plaintiffs rely on the rule of law, by which parol evidence is excluded in the case of written instruments. It is unnecessary on the present occasion to travel through what may be truly called the wilderness of cases on the subject of parol evidence. We may decide the present question on plain principles. It is clear, beyond doubt, that any consideration, not contradictory of that which is mentioned in the deed, may be averred, and proved by parol evidence. Where a conveyance is made by deed of bargain and sale, for a consideration of money, it may be averred, that there was also a consideration of natural love and affection, in consequence of which, the deed may operate by way of covenant to stand seised. In the case before us, where the deed is, in form, a bargain and sale, in consideration of money, the land passes by bargain and sale, and parol evidence would be inadmissible for the purpose of showing, that there was no consideration of money. That would be in direct contradiction .of the deed, and would defeat its operation. But it is by ho means contradictory, nor does it at all affect the operation of the deed, to aver, that besides the consideration of money, there was a consideration of advancement to.the daughter of the bargain or, and that the true intent of the parties was, to convey to the husband, several tracts of land, valued altogether at £1000, for which he was to pay but £200, after the death of the father, and the remaining £800 was to be considered as an advancement to the daughter. The whole transaction bears on its face intrinsic marks of advancement, and I am clearly of opinion, that the parol evidence was consistent with the deed, and properly admitted. I am not to be understood, as saying, that in no case can a consideration *334 be averred, contrary to that which is expected in the deed. But there is no occasion to consider that question at present, and therefore, I abstain from it. My opinion is, that there was no error in the charge of the court below, on the evidence in the case, and therefore, th,e judgment should be affirmed.
Judgment affirmed.