[PHILADELPHIA, JANUARY 24, 1829.]

## The FARMERS and MECHANICS' BANK *against* BORAEF.

### IN ERROR.

An entry made by a clerk in a book of a bank, of a deposit made by a customer, immediately before an entry made by him of the same deposit in the customer's bank book, and supported by the oath of the clerk, is evidence to go to the jury, together with the customer's book and the testimony of the clerk.

THE defendant in error, *Henry Boraef*, brought this action of assumpsit against the Farmers and Mechanics' Bank, to recover the sum of eight hundred dollars, alleged to have been deposited by him with the bank.

On the trial, the plaintiff gave in evidence his bank book, containing an entry made by *Henry Meyers*, a clerk of the bank, of a deposit of eight hundred dollars, by the plaintiff, on the 7th of *October*, 1825. He also produced a witness, who swore to having made such a deposit on that day.

(The Farmers and Mechanics' Bank *v.* Boraef.)

The defendants then offered to give in evidence an entry in a book of the bank, of the deposit made by the plaintiff on the 7th of *October*, 1825, supported by the oath of *Henry Meyers*, the clerk who made it; the said entry having been made by the said clerk at the time of the deposit, and immediately before the entry made by him in the plaintiff's bank book; both entries having reference to the same deposit. The court admitted the witness, for the purpose of proving the deposit to have been made, as it appeared in the book of the bank, but rejected the book itself. The witness, however, knowing nothing but from the entry in the book, and being unable to refresh his recollection by an inspection of it, the counsel for the defendants below excepted to the opinion of the court.

*Purdon,* for the plaintiffs in error.—The entry in the book of the bank, supported by the oath of the clerk who made it, ought to have been admitted in evidence, though the clerk had no recollection except what he derived from the entry. It was made in the book of original entries, in the usual course of dealing between the parties, authorized by law, and was offered after the plaintiff's book had been given in evidence. The oath of a party making an entry at the time of the transaction, is always received in evidence in *Pennsylvania.* To exclude such evidence in a case like this, would be almost to hazard the existence of banks. The clerks, amidst the hurry of extensive business, cannot possibly have any recollection of particular deposits, and the exclusion of the books would leave them altogether without evidence. The books are the only records of the transactions of banks. The apprehension that frauds may possibly be committed by clerks, is not a sufficient reason against evidence of this sort. The books of tradesmen are liable to an equal, and even a greater objection, because the books of banks check each other so completely, that it is impossible to commit a fraud, unless, when the clerk makes a false entry, he puts the balance of the money into his pocket, which is scarcely practicable. There are many authorities in favour of the admission of such evidence as the court below rejected. *Patton's Administrators v. Ash,* 7 *Serg. & Rawle,* 124. 2 *Cowen,* 765. *Union Bank v. Natt,* 3 *Pick.* 96. *Philadelphia Bank v. Officer,* 12 *Serg. & Rawle,* 49. *Ridgway v. Farmers' Bank of Bucks County,* 12 *Serg. & Rawle,* 256. The doctrine in relation to the admission of books in evidence has latterly been extended much beyond its original limits, by following out the principle on which tradesmen's books are received. *Speer v. Saunders,* 1 *Bay,* 119. *Frazier v. Drayton,* 2 *Nott & M'Cord,* 471. *Richards v. Howard, Id.* 474. *Ingraham v. Bockius,* 9 *Serg. & Rawle,* 287. *Faxson v. Hollis,* 13 *Mass. Rep.* 427. *Owens v. Speed,* 5 *Wheat.* 433.

*Kittera,* for the defendant in error.—The evidence of the deposit claimed by the plaintiff below, was an entry in his bank book, made by the clerk of the bank, and fortified by the oath of the person who made the deposit. The defendants then offered a memo-

(The Farmers and Mechanics' Bank *v.* Boraef.)

randum book, without stating by what it was to be followed up; and the question is, whether this blotter, standing alone, was admissible in evidence. The supposed accuracy of the books of banks, and the impossibility of committing mistakes, is disproved by this case. There is no check upon an entry in the blotter, but there is on an entry in the depositer's bank book, because depositers always examine the entry immediately after it is made. The plaintiff's bank book constituted the evidence between the parties, and is conclusive, unless error be proved. If the clerk had been called to prove, that instead of eight hundred dollars he had received only eighty, he might perhaps have been admitted; but he was not called to impeach the entry in the bank book, but to prove that he had made an entry of a different amount in another book. The bank ought to have shown, and they might easily have done so, what were their receipts on the day on which the deposit was made.

The opinion of the court was delivered by

Tod, J.—*Boraef*, the plaintiff below, sued the bank in assumpsit for money had and received, and on the trial produced his bank book, showing a deposit of eight hundred dollars, made on the 7th of *October*, 1825. He also produced a witness, who swore that he, the witness, made that identical deposit for the plaintiff on that day.

The defence was, that the money deposited was in fact eighty dollars, and that the figures "800" had been set down in *Boraef's* book by mistake, instead of "80," by *Henry Meyers*, a clerk in the bank, who received the deposit. To support this defence, *Meyers* himself was offered as a witness. A book belonging to the bank was also offered, in which, as was said, he, *Meyers*, had at the time of the deposit entered it as of eighty dollars, previous to his entry in the book of the plaintiff. *Boraef*, the plaintiff, did not object to *Meyers* as a witness; but he objected to the book showing the entry of eighty dollars. The court rejected the book. *Meyers*, without it, could not undertake to swear at all.

In deciding the question whether this rejection was error, the cases cited to show how far the books of a corporation are evidence in disputes with their customers, appear to have no very strong application. If the book belonging to *Boraef*, the plaintiff, had been lost or withheld, no doubt the bank entries might be *prima facie* sufficient.

If the bank relied on its own book, not only as the original entry, but as superior and controlling and correcting the book of *Boraef*, it asked too much; for the main evidence of the contract was the document delivered to *Boraef*. He could not oversee the bank books, nor had he any business to examine them. He never intended to rely upon their entries, but held in his own hand his own voucher equal to a receipt. Therefore the book offered by the bank would have been a sort of evidence quite inconclusive, as I

(The Farmers and Mechanics' Bank *v.* Boraef.)

take it, and worth very little, if unsupported; yet it by no means follows, that it was not evidence at all. A mistake was alleged, and it appears that a mistake, somewhere, existed. The bank might have had other evidence. The book ought to have gone with the plaintiff's book, and with *Meyers*' testimony, to the jury, as containing one of the entries made by him at the time, with his explanations, if he had any to offer.

The opinion of the court in *Henderson* v. *Jones*, 10 *Serg. & Rawle*, 322, cites many cases where the previous declarations of a witness have been held to be evidence to support his testimony. It is assumed that *Meyers* was able to swear, if permitted, that his entry in the bank book was true, to the best of his knowledge and belief: otherwise, most clearly, the book is not evidence for any purpose.

Judgment reversed, and a *venire facias de novo* awarded.