CHICAGO & ALTON RAILROAD CO.

v.

AMELIA T. ROBINSON.

</div>

1. EVIDENCE—STENOGRAPHER'S NOTES.—Where the testimony of a stenographer, who reported the proceedings at a former trial of the same cause, was offered for the purpose of impeaching an important witness for the plaintiff, by showing that on the former trial said witness had given evidence wholly inconsistent with his present version of the same transaction, and the defendant offered to prove by such reporter that all the evidence on the former trial was correctly taken down in shorthand at the time the evidence was given, and in connection therewith to further examine the reporter and read his notes to the jury. *Held,* that such evidence was competent.

2. WHERE STENOGRAPHER HAS NO RECOLLECTION OF FACTS CONTAINED IN WRITING.—Where proceedings in courts are taken down by an expert stenographer, who testifies that they were fully and correctly written at the time, he may testify to the contents of the writing though he has no independent recollection of the facts therein contained. In such cases, however, the writing itself must be produced in court to enable the opposite party to cross-examine in reference to it.

APPEAL from the Circuit Court of Tazewell county; the Hon. N. M. LAWS, Judge, presiding. Opinion filed January 16, 1885.

Mr. C. BECKWITH, Mr. N. W. GREEN and Mr. M. D. BEECHER, for appellant; as to admission of evidence, cited Brown v. Luehrs, 79 Ill. 581; Farmers & M. Bk. v. Boroaef, 1 Rawle, 152; Smith v. Lane, 12 S. & R. 84; Clark v. Vorce, 15 Wend. 193; Merrill v. I. & C. R. R. Co., 16 Wend. 586; Haven v. Wendell, 11 N. H. 112.

Messrs. PRETTYMAN & SONS, for appellee.

HIGBEE, P. J.   Appellee brought this suit to recover damages alleged to have been sustained by her in consequence of injuries caused by one of appellant's locomotives colliding with a buggy, in which she was attempting to cross the railroad track on a public highway.

The declaration charges the railroad with gross negligence, in permitting weeds, brush and other obstructions to stand and grow upon its right of way, near the highway crossing, so as to obstruct the view of persons traveling on and along the highway, and thereby prevent their seeing a train approaching on the railroad, and also in failing, by its servants, to ring a bell or sound a whistle on the approach of the locomotive to the crossing.

A trial of the cause before a jury resulted in a verdict and judgment against appellant, from which it appeals to this court and asks a reversal, on the ground, among others, that the trial court rejected proper and material evidence offered in behalf of appellant.

The evidence rejected was the testimony of one C. L. Watson, a stenographic reporter, offered for the purpose of impeaching Josiah Robinson, the husband of appellee, who had, as a witness in her behalf, given material evidence on the trial, by showing that on a former trial of the same cause the said witness, Robinson, had given evidence wholly inconsistent with his present version of the same transaction.

The contradictions attempted to be established were in reference to matters material to the issues being tried; the proper foundation had been laid for receiving the impeaching evidence by having called the attention of the witness, Rob-

inson, to the time, place and circumstances of making the supposed contradictory statements, and giving him an opportunity to admit or deny making the same, or to explain anything he may have said in reference thereto. The evidence offered was competent, and the court erred in rejecting it. But it is contended by appellee that the only evidence offered to prove the alleged contradictions was the shorthand report of the stenographer, and that the same was not competent evidence to establish the fact. This position is not sustained by the record. It shows that after Watson had testified that he was a stenographic reporter, and as such had taken down all the evidence in shorthand on the former trial, including that of Robinson, and then had the same in court, appellant offered to prove by said witness that the same was correctly taken down at the time the evidence was given, and in connection therewith to further examine the witness and read his notes to the jury; which offer was refused by the court, and thereupon appellant, by its attorney, asked the witness, Watson, numerous questions calling for his recollection of what Robinson did in fact state on the former trial in reference to the supposed contradictions in controversy; but the court sustained objections interposed by appellee to these questions, and refused to let the witness answer the same. This evidence was legitimate and material. It did not even require a reference to the writing but called for the memory of the witness independent of it, as to facts proper to be proved by oral evidence.

Again the court should have permitted Watson to have stated whether or not Robinson's evidence as to the point in dispute was fully and correctly taken down by him at the time it was given; and if it appeared that it had been, he should have been permitted to refer to it for the purpose of refreshing his memory; and if the facts were thereby recalled to his mind so as to enable him to speak from memory, his right to testify to them is supported by an unbroken line of authority.

There is some difference of opinion among law writers whether the witness can be allowed to testify to the matters contained in the writing, when he is unable to recall the same

to his memory after having examined the writing for the purpose of refreshing it; yet he recognizes the writing as his own, made at the time of the occurrences stated in it, and he remembers that as they transpired they were correctly entered for the purpose of preserving them, and for these reasons his mind is so thoroughly convinced, that he is willing to swear positively to the facts stated in the writing. The weight of authority, however, seems to be in favor of admitting such evidence.

Experience has demonstrated the fact that an expert stenographer can take the evidence of a witness in shorthand, with very great, if not perfect accuracy, and this is now the mode almost universally adopted to preserve all oral proceedings in courts; and when such proceedings are taken by an expert stenographer, who testifies that they were fully and correctly written at the time, we think he may testify to the contents of the writing though he has no independent recollection of the facts therein contained. In all such cases, however, the writing itself must be produced in court to enable the opposite party to cross-examine in reference to it, and it may be read to the jury, not as independent evidence, but to be considered by them in connection with the oral evidence of the witness. Greenleaf on Evidence, Sec. 437; Phillips on Evidence, note 528 to p. 290; Sandwich v. Same, Comb. 445; Rogers v. Burton, Peck, 108–109–118; Smith v. Lane, 12 Serg. & Rawle; Bank v. Boraef, 1 Rawle, 152; State v. Raule, 2 Nott & McCord; Clark v. Vance, 15 Wend. 193; Hosen v. Wendell, 11 N. H. 112; Brown v. Luehrs, 79 Ill. 575.

In view of the particular facts in this case, the evidence rejected was very material to the rights of appellant. Robinson, the witness whom appellant attempted to impeach, was the husband of appellee, and was driving the buggy in which she was riding at the time of the collision, and her case rests principally upon his evidence. The rejection of this evidence deprived appellant of a clear legal right material to the defense, and the judgment must be reversed.

Other questions are presented but as most of them may be obviated on another trial we will not consider them here.

Judgment reversed and cause remanded.

<div align="right">Reversed and remanded.</div>