**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 29, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EARL L. BARNES,

    Plaintiff - Appellant,

v.

LOGAN S. CLARK; JOSEPH COOMBS;
KENNON TUBBS; CODY CHARLTON;
RAYMOND MERRILL,

    Defendants - Appellees.

No. 17-4047
(D.C. No. 2:14-CV-00226-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]
_____

Plaintiff-Appellant Earl L. Barnes, a state inmate proceeding pro se, appeals

from the district court's grant of summary judgment on his federal constitutional

claims and dismissal without prejudice of his pendent state law claims.  Barnes v.

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.

Clark, No. 2-14-CV-00226-DN, 2017 WL 1082398 (D. Utah Mar. 22, 2017). Mr.

Barnes filed an action pursuant to 42 U.S.C. § 1983 alleging inadequate medical

treatment for ear and urinary tract infections. The district court found that Mr.

Barnes had not exhausted his administrative remedies, as required by 42 U.S.C.

§ 1997e(a). On appeal, Mr. Barnes argues that Defendants prohibited him from

exhausting his administrative remedies. We have jurisdiction under 28 U.S.C. § 1291

and affirm.

We review the district court's grant of summary judgment and its finding of

failure to exhaust administrative remedies de novo. Twigg v. Hawker Beechcraft

Corp., 659 F.3d 987, 997 (10th Cir. 2011) (summary judgment); Jernigan v. Stuchell,

304 F.3d 1030, 1032 (10th Cir. 2002) (failure to exhaust). Summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Section 1997e(a) provides, "No action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." Summary judgment is appropriate, then, if

there is no genuine dispute that Mr. Barnes did not exhaust available administrative

remedies.

The State of Utah Department of Corrections (UDOC) has a three-level

grievance policy, and an inmate must complete each level before seeking judicial

relief. 1 R. 60, 84–85. A declaration by Defendants and the UDOC grievance

2

history for Mr. Barnes show that Mr. Barnes pursued an ear-related grievance through level two in 2011 and that he pursued no urological-related grievances. 1 R. 62; 2 R. 580. Consequently, Defendants have met their burden of showing an absence of a genuine issue of material fact, and Mr. Barnes must provide evidence of specific facts showing otherwise to survive summary judgment. See Pioneer Ctrs. Holding Co. v. Alerus Fin., N.A., 858 F.3d 1324, 1334 (10th Cir. 2017).

Mr. Barnes responded by stating that Defendants refused to allow him to pursue his grievance to level three because his care was ongoing, and he also stated that he made a handwritten appeal from his level two grievance that was not kept in his record. 1 R. 126, 198, 204. As evidence, though, he offered a records request denial stating that handwritten records from 2010 were unavailable. 1 R. 137. As Mr. Barnes made his ear-related grievance in 2011, 1 R. 62; 2 R. 580, the records request denial does not help his case. Moreover, the only grievance response mentioning "ongoing" care in the record is in Defendants' response to Mr. Barnes's level one grievance. 2 R. 584. Mr. Barnes provided no evidence of a denial of a level three grievance.

In his opening brief, Mr. Barnes attached a handwritten appeal from his level two ear-related grievance. Aplt. Br. at 14–15. However, this court "cannot, in reviewing a ruling on summary judgment, consider evidence not before the district court." John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994). Because Mr. Barnes did not provide this document to the district court but rather produced it for the first time on appeal, we cannot consider it when reviewing

the district court's grant of summary judgment. The only other evidence that Mr. Barnes provided to the district court are grievances about an unrelated incident concerning the denial of pills based on a "cheeking" incident. 1 R. 152–62. Accordingly, Mr. Barnes has not offered evidence sufficient to raise a genuine issue of material fact, and Defendants are entitled to judgment as a matter of law.

AFFIRMED. We DENY Mr. Barnes's request for IFP status and direct him to pay any remaining unpaid balance of the appellate filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge