F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EDWARD DWAYNE ASHFORD,

Plaintiff-Appellant,

v.

JOHN E. HAHN, Warden;
R.E. HOLTON, Associate Warden;
E. HANSEN, Captain; ROBERT
WALKER, S.I.A.;
R.J. ZAMPERELLI, Unit Manager,

Defendants-Appellees.

No. 02-1078
(D.C. No. 01-Z-375)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **EBEL** , and **O'BRIEN** , Circuit Judges.
.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Edward Dwayne Ashford appeals from the district court's order dismissing his complaint, which he filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The district court concluded that the complaint must be dismissed, because plaintiff had failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a). [1] Plaintiff argues that he did exhaust his remedies.

"We review de novo the district court's finding of failure to exhaust administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). An inmate must properly complete the administrative grievance process, from start to finish, in order to bring his civil rights claim in federal court. *Id.* Failure to comply with the rules established for the administrative grievance process, including applicable deadlines, results in procedural default of the plaintiff's claims. *See Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir.), *cert. denied*, 123 S. Ct. 414 (2002).

Having carefully considered the record, the briefs and the applicable law in light of the above-referenced standards, we conclude that plaintiff has failed to show that the district court erred in dismissing his *Bivens* complaint. Accordingly,

---

[1] The district court initially denied plaintiff's complaint on the merits. We reversed, however, and remanded for determination of whether plaintiff had exhausted his administrative remedies as required by § 1997e(a). *Ashford v. Hahn*, No. 01-1264, 2001 WL 1285482 (10th Cir. Oct. 24, 2001).

the judgment of the United States District Court for the District of Colorado is AFFIRMED for substantially the same reasons articulated in its order and judgment of dismissal dated February 6, 2002. All pending motions are DENIED.

Entered for the Court


Stephanie K. Seymour
Circuit Judge