**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EZELL COLLINS,

      Plaintiff - Appellant,

v.

FEDERAL BUREAU OF PRISONS,
Actually named as "Bureau of
Prisons"; OFFICER MICHAEL S.
LAVALEE; OFFICER DAVID
PRUYNE; OFFICER CHARLES
ROWE; AND OFFICER JOSEPH
PATRICK, all in their individual
capacities,

      Defendants - Appellees.

No. 02-1503
(D.C. No. 97-M-1533)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **HARTZ**, Circuit Judges.

Plaintiff-Appellant Ezell Collins, proceeding pro se, filed the instant

Bivens claim alleging that he was physically abused by employees of the United

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

States Penitentiary in Florence, Colorado, where Plaintiff is currently incarcerated. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The district court dismissed Plaintiff's claim for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Slip Op. at 2.) We conclude that the district court was correct and AFFIRM its dismissal of Plaintiff's claim.

Plaintiff's claim arises from an alleged assault that he suffered at the hands of correctional officers on January 27, 1996. Under Federal Bureau of Prisons regulations, Plaintiff had twenty days after the incident in which to file a request for administrative remedies. 28 C.F.R. § 542.14. He did not sign such a request until March 3, 1996, sixteen days after the deadline had passed, and the institution did not receive his request until April 12, 1996, sixty-three days after the deadline had passed.[1] (ROA II, Tabs 1, 2 & 3.)

---

[1]Plaintiff alleges that the March 3rd request was actually the second request that he sent in, and that his first request was filed on or about February 15 but "somehow was misplaced and disappeared from the office of my unit team." (Aplt. Br. at 18.) To support that allegation, Plaintiff has attached to his brief a copy of a complaint form apparently filed by a member of the prison's investigations division. That complaint form, which is dated February 14, 1996, states that "complainant has filed a Request for Administrative Remedy with BOP officials," suggesting that Plaintiff may indeed have filed a valid request for administrative relief prior to March 3rd. But, in any event, Plaintiff's subsequent failure to meet the requisite deadline for filing his administrative appeal would bar his current claim even if his initial request had been timely filed.

The Warden signed his response rejecting Plaintiff's request on April 19, 1996. (ROA II, Tab 3.) Plaintiff then had twenty days in which to file his appeal to the Regional Office for the Federal Bureau of Prisons, pursuant to 28 C.F.R. § 542.15. Plaintiff missed this deadline as well: he did not send in his appeal until January 23, 1997, 259 days after the deadline, and it was not received until January 31, 1997, 267 days after the deadline. (ROA II at Tabs 4, 5.) The Regional Office denied his appeal as untimely on February 4, 1997. (ROA II at Tab 5.) Plaintiff had thirty days from that time to appeal to the General Counsel for the Bureau of Prisons. His appeal was received on February 25, 1997, but was rejected as untimely. (ROA II at Tab 7.) Although the appeal from the Regional Office to the General Counsel's Office was, in fact, within the thirty-day time period provided for that leg of the appeal, the untimeliness defect originated from the untimeliness of the initial appeal to the Regional Office. Thus, Plaintiff's missing of the deadline for his first appeal (by more than 250 days) suffices to bar the instant claim.

The PLRA states, "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." 42 U.S.C. § 1997e(a).[2] As we explained in Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002), "Even where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available." Id. at 1032 (citing Booth v. Churner, 532 U.S. 731, 740 (2001)). No matter what kind of relief Plaintiff seeks, he is nevertheless required to exhaust all administrative remedies before proceeding with his instant Bivens action. Because his failure to meet the appropriate filing deadlines for administrative remedies constitutes a failure to exhaust those remedies, his Bivens claim is barred by the PLRA.

For the foregoing reasons, we AFFIRM the district court's dismissal of Plaintiff's case. Plaintiff's motion to proceed without prepayment of filing fees is GRANTED; Plaintiff must continue making partial payments on court fees and costs previously assessed until such have been paid in full. All other pending motions by Plaintiff are DENIED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2]The PLRA's exhaustion requirement also applies to Bivens claims. See Yousef v. Reno, 254 F.3d 1214, 1216 (10th Cir. 2001).