**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ISAIAS MENDOZA,

      Plaintiff-Appellant,

v.

JANE JOE, Unit Manager; JULIAN
PADILLA, Correctional Officer,
Cibola County Correctional Center;
DARLENE VALLEY, Assistant Shift
Commander; ADELIO GALLEGOS,
JR., Shift Supervisor; NIKKI
DILLON, Medical Administrator,
Cibola County Correctional Center;
GARLAND JEFFERS, Warden, Cibola
County Correctional Center, in their
individual and official capacities;
DON RUSSELL, Grievance Officer;
MR. LEE, Senior Officer, Cibola
County Correctional Center,

      Defendants-Appellees.

No. 03-2113
(D.C. No. CIV-02-1611)
(New Mexico)

---

## ORDER AND JUDGMENT[*]

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Isaias Mendoza brought a civil rights complaint against various employees of the New Mexico correctional facility in which he was housed. He alleged violations of the Eighth and Fourteenth Amendments, stemming from a) a confrontation with a prison employee, b) his placement in segregation without the opportunity to make a statement or cross-examine witnesses, and c) the facility's failure to treat a back injury sustained while employed as a masonry instructor within the prison. The district court dismissed Mr. Mendoza's claims without prejudice for failure to exhaust administrative remedies. We affirm.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), requires prisoners to exhaust "available" administrative remedies prior to initiating litigation concerning the conditions of their confinement. The apparent futility of those remedies does not obviate the need to exhaust them. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Therefore, Mr. Mendoza's assertion that he attempted to exhaust his administrative remedies does not save him from the dismissal without prejudice issued by the district court.

On appeal, Mr. Mendoza argues the PLRA does not apply in his case–one against a private correctional facility. This contention is without merit. In

terms and conditions of 10th Cir. R. 36.3.

*Jernigan*, the court dismissed a claim against the same private company Mr. Mendoza is suing on the ground that the plaintiff in that case failed to exhaust administrative remedies pursuant to the PLRA. *Id*. at 1033. *See also Herrera v. County of Santa Fe*, 213 F. Supp. 2d 1288, 1293 (D. N.M. 2002) (holding PLRA exhaustion requirements apply to private entities). The district court's dismissal without prejudice was proper. We **GRANT** Mr. Mendoza's motion to proceed *in forma pauperis* and **AFFIRM** the district court's dismissal of Mr. Mendoza's claims.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge