**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID L. HILLIARD,

      Plaintiff - Appellant,

v.

CHARLES RAY, Warden; JOE
CROW; CORRECTIONAL
CORPORATION OF AMERICA;
ROBERT B. EZEL; STEVEN
KAISER, previous warden,

      Defendants - Appellees.

No. 04-7090
(D.C. No. 02-CV-393-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

Plaintiff-Appellant David L. Hilliard, proceeding pro se, commenced this

42 U.S.C. § 1983 action alleging Corrections Corporation of America and its

named employees (collectively "Defendants") violated Hilliard's Eighth

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Amendment right to be free from cruel and unusual punishment. The district court granted summary judgment in favor of the Defendants, dismissing Hilliard's complaint for failure to exhaust his prison administrative remedies as required under 42 U.S.C. § 1997e. Hilliard appeals[1] and, exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM the district court.

Hilliard is an inmate in the custody of the Oklahoma Department of Corrections. He is housed at the Davis Correctional Facility, which is operated by the Corrections Corporation of America. In this civil rights action, Hilliard alleges that he needed certain medically appropriate boots in order to complete his job assignment. He claims Defendants denied him these boots, which ultimately caused him to slip and fall while working. Plaintiff asserts he suffers back and other injuries as a result of this fall and has not received proper medical treatment. He seeks proper medical treatment, compensatory damages, punitive damages, and a jury trial. The district court granted summary judgment in Defendants' favor because Hilliard "failed to make any viable argument that he has exhausted his administrative remedies" and "cited no authority or facts to demonstrate he was denied access to those administrative procedures."

---

[1]We grant Appellant's motion to proceed in forma pauperis. See 28 U.S.C. § 1915. Appellant is reminded he must continue making partial payments until the entire court fees and costs previously assessed are paid in full.

We review the district court's summary judgment decision de novo, considering the evidence in the light most favorable to the nonmoving party. See Olsen v. Layton Hills Mall, 312 F.3d 1304, 1311 (10th Cir. 2002). Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Prison Litigation Reform Act provides that an inmate must exhaust administrative procedures before bring a § 1983 action "with respect to prison conditions." 42 U.S.C. § 1997e(a). This exhaustion requirement exists regardless of whether the suit involves "general circumstances or particular episodes" or whether the available remedies appear able to provide the relief sought. Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001).

In order to exhaust administrative procedures, the inmate must "go beyond the first step." Booth, 532 U.S. at 735. Instead, the inmate must see the grievance process—even if it appears futile—to its conclusion. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). The doctrine of substantial compliance does not apply, and there is no exception for when the inmate failed to cure a procedural deficiency or neglected to employ available internal processes before the time expired for pursuing them. Id. at 1032-33.

The Davis Correctional Facility's formal grievance policy requires an inmate to file a grievance (a "written complaint") within seven days of an alleged incident, and the grievance officer must investigate and render a decision within fifteen days. Then, the inmate "is to submit any appeal to the Warden/Administrator or designee within five (5) days of receiving the decision from the Grievance Officer" and the "Warden/Administrator will render a written decision on the grievance appeal within fifteen (15) days of receipt from the inmate/resident."

The record reveals that Hilliard submitted two relevant grievances prior to filing this action. First, he filed a grievance about falling while working and received a grievance officer's decision within a week. Hilliard never formally appealed this to the Warden. Second, he filed a grievance a little over two months later, complaining of related medical problems. This grievance was returned to Hilliard for failure to comply with filing requirements. He was given ten days to remedy these errors but never re-submitted this grievance. Thus, Hilliard has not seen either of these grievances to their conclusion. See Jernigan, 304 F.3d at 1032. Accordingly, we affirm the district court's determination that Hilliard "simply failed to exhaust his administrative remedies."

On appeal, Appellant argues that exhaustion of Oklahoma's Prisoners Grievance System is not required of him under 42 U.S.C. § 1997e. However, we

note that Appellant cites the pre-1996 version of this statute for this argument, and in the current § 1997e, Congress "eliminated both discretion to dispense with administrative exhaustion and the condition that it be plain, speedy, and effective." Jernigan, 304 F.3d at 1032. Accordingly, "exhaustion is now mandatory" for all "available" internal remedies. Id.

Appellant also argues that he should be excused from the exhaustion requirement of § 1997e. He asserts that the internal prison procedures were unavailable to him at the time he filed his civil action because the seven-day period for filing prison grievances had expired. However, these internal procedures were available to Hilliard at the time of the alleged incidents, and his failure to employ them in a timely manner does not excuse his failure to exhaust under § 1997e(a). See id. at 1032-33.

Therefore, for the foregoing reasons, we AFFIRM the district court's grant of summary judgment for Defendants. We GRANT Plaintiff's Motion to Dismiss his Pre-Emptive Objection and, per his request, do not consider that objection on appeal. We also GRANT Plaintiff's Motion to Amend the Opening Brief and construe his Objection to Defendants' Answer Brief as a timely filed reply brief.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge