**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 17 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DEWEY EARL JERNIGAN,

     Petitioner - Appellant,

v.

KAREN STUCHELL; RAMONA
HOLLIER; JAMES L. SAFFLE;
MELINDA GUILFOYLE; JOHN
DOE, I; JOHN DOE, II; B.
HENDRIX; ELVIS HIGHTOWER;
JOE S. HOPPER, in individual and
official capacities; MICHAEL
QUINLAN, in individual and official
capacities; CORRECTIONS
CORPORATION OF AMERICA, in
individual and official capacities,

     Respondents - Appellees.

No. 02-6052

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. CIV-01-320-F)**

---

Dewey Earl Jernigan, Pro Se.

Linda Soper, Assistant Attorney General, Litigation Section, Oklahoma City,
Oklahoma, for Defendants-Appellees James L. Saffle, Melinda Guilfoyle and
Karen Stuchell.

Darrell L. Moore, Pryor, Oklahoma, for Defendants-Appellees Corrections
Corporation of America, Inc., Michael Quinlin, Joe Hopper, and Elvis Hightower.

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[*]

**KELLY**, Circuit Judge.

Plaintiff-Appellant Dewey Earl Jernigan, a state inmate appearing pro se, appeals from the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Mr. Jernigan alleges that his constitutional right of access to the courts was violated when his personal legal materials were improperly confiscated from his cell.  Apparently, prison officials contended that Mr. Jernigan was providing legal assistance to other inmates for compensation.  The case was referred to a magistrate judge who ordered a <u>Martinez</u> report.  R. Doc. 21.  Various Defendants filed motions to dismiss or for summary judgment on several grounds including lack of exhaustion of administrative remedies.  Upon recommendation of the magistrate judge, the district court dismissed the action for failure to exhaust administrative remedies on January 22, 2002.  R. Doc. 28.  Mr. Jernigan then

---

[*]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

mailed a Motion for Clarification from the Court on February 4, 2002. R. Doc. 29. The district court ordered the Defendants to respond, particularly to Mr. Jernigan's arguments concerning the ODOC grievance process. R. Doc. 32. After the Defendants' response, the district court denied the motion for clarification on February 20, 2002. R. Doc. 34. On January 31, 2002, Mr. Jernigan mailed a notice of appeal from the district court's January 22 order dismissing the action. R. Doc. 30.

In his brief before this court, Mr. Jernigan argues that the district court erred because he had exhausted his administrative remedies and he gave notice of his grievance by other means. He also argues that the district court erred in its denial of his motion for clarification, which we construe as a motion to alter or amend pursuant to Fed. R. Civ. P. 59(e). Because Mr. Jernigan has not filed a notice of appeal from the denial of his motion for clarification or a motion to amend his initial notice of appeal, we consider only the January 22 judgment of dismissal. Fed. R. App. P. 4(a)(4)(B)(ii).

We review de novo the district court's finding of failure to exhaust administrative remedies. Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000) overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "available" administrative remedies be exhausted prior to filing an action with

respect to prison conditions under § 1983.  Even where the "available" remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.  Booth, 532 U.S. at 740 (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action).  The Court held that Congress had eliminated both discretion to dispense with administrative exhaustion and the condition that it be "'plain, speedy, and effective.'"  Id.  See also Porter v. Nussle, 534 U.S. 516, __, 122 S. Ct. 983, 988 (2002) ("PLRA's exhaustion requirement applies to all inmate suits about prison life").

An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion.  The court noted that the PLRA does not "enable[] judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems."  Id.  Mr. Wright's suit was dismissed so that he could "exhaust 'available' remedies whatever they may be."  Id.

For the same reasons, we reject Mr. Jernigan's assertion that "[i]nmates do

not have to <u>properly</u> complete the grievance process, and they do not have to <u>correct deficiencies</u>." R. Doc. 24 at 9 (emphasis in original). Nor is his argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive–the doctrine of substantial compliance does not apply.

Mr. Jernigan contends that he did submit a grievance but that it was lost or misfiled. The district court assumed for the purposes of its ruling that the grievance was filed. Seventeen days later, when he received no response within the fifteen day response time contained in the grievance policy, Mr. Jernigan sought to appeal the grievance to the Director of the ODOC. The Director rejected the appeal because there was no response from the warden and told Mr. Jernigan that he had ten days in which to cure that deficiency. Instead of attempting to cure, Mr. Jernigan filed this lawsuit.

While we agree that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable, see <u>Lewis v. Washington</u>, –F.3d–, No. 00-2017, 2002 WL 1843329, at *2 (7th Cir. Aug. 14, 2002); <u>Foulk v. Charrier</u>, 262 F.3d 687, 698 (8th Cir. 2001); <u>Underwood v. Wilson</u>, 151 F.3d 292, 295 (5th Cir. 1998), that is not what happened here. First, Mr. Jernigan was given ten days to cure the deficiency in question which no doubt would have involved informing prison officials of the

lost or misfiled grievance. Second, the grievance policy contains time limits on responses, and also provides that if an inmate does not receive a response from the warden within thirty days after submission of the grievance, the inmate may send the grievance with evidence of its prior submission to an administrative review authority.

Mr. Jernigan may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them and since he may now be time barred from pursuing them, they are exhausted by default. This would trivialize the Supreme Court's holdings in <u>Booth</u> and <u>Porter</u> that exhaustion is now mandatory.

Mr. Jernigan argues that the ODOC interferes with inmates pursuing grievances by losing their paperwork. This is akin to an argument that prison officials should be equitably estopped from relying upon the exhaustion defense. We need not decide whether equitable estoppel applies in this context for it is abundantly clear that Mr. Jernigan cannot show detrimental reliance on prison officials, having been told that his grievance had been lost or misfiled and having been given an opportunity to cure. See <u>Lewis</u>, 2002 WL 1843329, at *3; <u>Emery Mining Corp. v. Secretary of Labor</u>, 744 F.2d 1411, 1417 (10th Cir. 1984) (discussing elements of equitable estoppel).

AFFIRMED.