**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 26 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY DON ROBERTSON,

       Plaintiff - Appellant,

v.

PRICE CITY; CARBON COUNTY
SHERIFF'S OFFICE; BOB
KRANJCE, Jail Commander;
CARBON COUNTY JAIL STAFF;
JAMES CARDOVA; and CARBON
COUNTY SHERIFF,

       Defendants - Appellees.

No. 03-4081
(D.C. No. 2:02-CV-992-TS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not aid in the disposition of this appeal.

See Fed. R. App. P. 34(a)(2)(C). The case is therefore ordered submitted without

oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ray Don Robertson filed this pro se 42 U.S.C. § 1983 action against Carbon County, Utah officials, alleging that these officials had violated his constitutional rights by placing him in isolation and failing to provide him medical treatment. In his complaint Mr. Robertson alleges that he has exhausted his administrative remedies by sending grievances to the defendant James Cordova, the Carbon County Sheriff. See Rec. doc. 5, at 6 (Complaint filed Sept. 3, 2002). In response to that allegation, the district court directed Mr. Robertson to provide a certified statement from the grievance coordinator at the Carbon County jail indicating that he had "fully completed all administrative remedies available to him on all claims alleged in [Mr. Robertson's] complaint." Rec. doc. 4, at 4 (Dist. Ct. Order, filed Sept. 13, 2002).

Subsequently, Mr. Robertson informed the district court that he had exhausted all of his administrative remedies and that he had requested the grievance coordinator at the Carbon County jail to sign the certified statement requested by the district court. The district court then ordered the grievance coordinator to submit the certified statement or inform the court by letter that Mr. Robertson had not exhausted his administrative remedies.

On December 11, 2002, the district court received the following letter from Sheriff Cordova:

> In response to the Court's order dated November 14, 2002, please be advised that Mr. Robertson has not exhausted his

jail grievances. He did not file a grievance while he was an inmate at the Carbon County Jail. We have enclosed a copy of the jail policies and procedures relative to grievances and a copy of the grievance form. We have enclosed copies for Mr. Robertson with the copy of this letter which will be sent to him, so he can begin the grievance process.

Letter from Sheriff James Cordova, filed Dec. 11, 2002.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies "prior to filing an action with respect to prison conditions under § 1983." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). Sheriff Cordova's letter establishes that, as to the civil rights violations that Mr. Robertson alleges in this lawsuit, Mr. Robertson has not yet pursued a grievance through the proper procedures established by Carbon County. Before he may pursue these allegations in a federal lawsuit, Mr. Robertson must complete the grievance process.

The district court's order dismissing Mr. Robertson's complaint without prejudice is therefore AFFIRMED.[1]

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[1] Mr. Robertson's motion to pay the filing fee in partial payments is GRANTED. Mr. Robertson must continue to make partial payments until he has paid the entire fee. In light of the disposition of this appeal, Mr. Robertson's "Motion, Service of Process, Jury Trial" is DENIED as moot.