F I L E D
United States Court of Appeals
Tenth Circuit

FEB 20 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT R. ZIEGLER,

        Plaintiff-Appellant,

  v.

RENEE WATKINS, individually and
in her official capacity as Assistant
Warden; DAREN SWENSON,
individually and in his official
capacity as Warden; TOM KESSLER,
individually and in his official
capacity as Assistant Warden; JOHN
DOE, (Vandever) individually and in
his official capacity as Grievance
Coordinator; JAN REEDER,
individually and in her official
capacity as Committee Member;
CORRECTIONS CORPORATION OF
AMERICA, individual and official
capacities; JOHN FERGUSON,
individually and in his official
capacity as Chief Executive Officer;
JULIA NEFTZGER, attorney,
individually and in her officially
capacity as an attorney; DARRELL
MOORE, attorney, individually, and in
his official capacity as an attorney;
JOHNANNA OGLESBY, legal
assistant, individually and in her
official capacity as a legal assistant.

        Defendants-Appellees.

No. 03-6295

(W.D. Oklahoma)

(D.C. No. CV-03-182-C)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* FED. R. APP. P. 34(f) and 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Robert Ziegler, a state prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his complaint filed pursuant to 42 U.S.C. § 1983. The district court, in adopting the magistrate judge's report and recommendation, determined that the defendants' motion to dismiss for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) should be granted. Mr. Ziegler now appeals. We affirm the district court's dismissal without prejudice.

We review de novo a dismissal for failure to exhaust administrative remedies. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Mr. Ziegler objected to his transfer by the Oklahoma Department of Corrections from the Cimarron Correctional Facility, a private prison facility owned by the Corrections Corporation of America (CCA), to another prison facility. He contends the transfer was ordered in retaliation for Mr. Ziegler's filing a separate civil rights lawsuit against CCA. In pursuing this action, he filed a CCA grievance form with the grievance officer at Cimarron Correctional Facility. The grievance officer at Cimarron Correctional Facility returned the CCA grievance to Mr. Ziegler and informed him that to pursue a grievance, Mr. Ziegler would need to resubmit the grievance on a DOC grievance form. Mr. Ziegler wrote letters to various DOC employees, but he did not file the DOC grievance form.

In their motion to dismiss, defendants stated that "[a]n issue concerning a transfer would only involve the Oklahoma Department of Corrections and must be grieved on a DOC Grievance Form." Rec. doc. 19, at 2 (Defs.' Br. in Support of Mot. to Dismiss). In recommending that the motion to dismiss be granted, the magistrate judge noted that Mr. Ziegler "was not denied access to the grievance procedure." Rec. doc. 29, at 4 (Mag. Judge's Report and Recommendation, filed Oct. 7, 2003). On appeal, Mr. Ziegler contends that he exhausted the CCA grievance procedures, which is sufficient to challenge a transfer initiated by CCA. We agree with the magistrate judge that Mr. Ziegler has failed to establish that the DOC grievance procedures were inapplicable.

The Supreme Court has held that "exhaustion in cases covered by §

1997e(a) is now mandatory." *Porter v. Nussle,* 534 U.S. 516, 524 (2002); *see id.*

at 532 (holding "that the PLRA's exhaustion requirement applies to all inmate

suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong").  As the

Court has stated: "[W]e stress the point . . . that we will not read futility or other

exceptions into [PLRA's] statutory exhaustion requirements." *Booth v. Churner*,

532 U.S. 731, 741 n.6 (2001).  Thus, Mr. Ziegler is unable to evade the DOC's

required exhaustion procedures.  We hold that the district court was correct when

it granted CCA's motion to dismiss without prejudice.

<u>II. CONCLUSION</u>

For the reasons stated, and for substantially the same reasons articulated in

the magistrate judge's report and recommendation and the district court's order,

we AFFIRM the district court's dismissal of Mr. Ziegler's complaint pursuant to

42 U.S.C. § 1997e(a).

Entered for the Court,

Robert H. Henry
Circuit Judge