**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BENNY R. SMITH,

      Plaintiff-Appellant,

v.

C. RUDICEL, Unit Team CCI, B2-
Cellhouse, Hutchinson Correctional
Facility, ROBERT VIEYRA, Unit
Team Manager, B2-Cellhouse,
Hutchinson Correctional Facility,
(FNU) SEYMOUR, Unit Team CCI,
B2-Cellhouse, Hutchinson
Correctional Facility, LOUIS E.
BRUCE, Warden, Hutchinson
Correctional Facility,

      Defendants-Appellees.

No. 04-3462

(D. of Kan.)

(D.C. No.04-CV-3393-GTV)

---

**ORDER AND JUDGMENT** [*]

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. [**]

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Benny R. Smith, a prisoner appearing pro se, appeals the district court's dismissal of his complaint under 28 U.S.C. § 1983 for his failure to exhaust administrative remedies. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. Background

Smith is a prisoner at the Hutchinson Correctional Facility in Hutchinson, Kansas. He alleges that in November 2003, a correctional officer inappropriately seized personal property purchased by Smith in the prison commissary after Smith had given the property to another inmate. Smith does not deny that his actions violated a prison rule prohibiting dealing and trading; however, he claims that a similar incident involving two prisoners of another race resulted in the return of the property to the purchaser shortly after the incident.

In October 2004, Smith filed a § 1983 complaint in the United States District Court for the District of Kansas. The court dismissed his complaint without prejudice to allow him to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

## II. Discussion

We review de novo a district court's dismissal for failure to exhaust administrative remedies under § 1997e(a). *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

As the district court correctly determined, pursuant to the Prison Litigation Reform Act, prisoners bringing suit under § 1983 must exhaust available administrative remedies before seeking relief in federal court. The law plainly states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The grievance procedure for Kansas state prisoners is described fully in Kansas Administrative Regulations §§ 44-15-101–106.

K.A.R. § 44-15-102 requires an inmate to first seek "information, advice, or help on any matter" from the inmate's unit team. *See* § 44-15-102(a)(1). If the inmate does not receive a response from the unit team within ten days of submission, he may send a grievance report to the warden without unit team signatures. *See* § 44-15-102(a)(2). If the inmate receives a response but does not obtain a satisfactory solution to the problem through the informal process within ten days, he may complete an inmate grievance report form and submit it to a staff member to transmit to the warden. *See* § 44-15-102(b). If he does not receive a satisfactory response from the warden after filing an appropriate report, the inmate may appeal to the Kansas Secretary of Corrections. *See* § 44-15-102(c)(1).

Smith may file a § 1983 claim only after this clearly delineated process of administrative remedy has been exhausted.

In November and December 2003, Smith prepared several statements about the alleged incidents and circulated them to prison officials. However, these statements were never submitted to the warden or the Kansas Secretary of Corrections as § 44-15-102 requires. Furthermore, the statements merely outline the incidents currently at issue; Smith failed to allege the racial basis that his § 1983 claim now entails. Thus, even if he had followed the grievance process for statements circulated in late 2003, he would not have exhausted administrative remedies for the § 1983 claim currently before the court, because he never disclosed the nature of his grievance.

As the district court has noted, a primary purpose of § 1997e(a) is to foster resolution of claims by providing prison officials with notice and an opportunity to respond with corrective action. *See, e.g., Ross v. County of Bernalillo,* 365 F.3d 1181, 1184 (10th Cir. 2004). It would therefore be inappropriate to allow a plaintiff to bring new claims at this stage, even where similar claims have been fully exhausted.

Accordingly, the district court's dismissal of the claim is AFFIRMED. Smith is also reminded to continue making partial payments until the entire

balance of his appellate filing fee is paid.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge