**F I L E D**

**UNITED STATES COURT OF APPEALS**

**APR 20 2005**

**TENTH CIRCUIT**

EZEKIEL DAVIS,

     Plaintiff - Appellant,

v.

MIKE MULLIN, Warden; ROBERT
BERRY, Unit Manager;
DEPARTMENT OF CORRECTIONS,

     Defendants - Appellees.

No. 04-7087
(D.C. No. CV-03-248-WH)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Plaintiff-Appellant Ezekiel Davis, an Oklahoma inmate proceeding pro se,

appeals the dismissal of his suit under 42 U.S.C. § 1983 for monetary damages

and injunctive relief arising from alleged constitutional violations occurring

during his incarceration. The district court granted summary judgment to the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

defendants on the grounds that Mr. Davis had failed to exhaust his administrative remedies. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

The parties are familiar with the facts, and we need not restate them here. Having reviewed the matter de novo and for substantially the same reasons iterated in the district court's order dismissing Mr. Davis's suit, we AFFIRM. Mr. Davis has clearly failed to demonstrate the exhaustion of administrative remedies mandated by 42 U.S.C. § 1997e(a) or complete exhaustion where he did file a grievance. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (requiring complete exhaustion).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge