**F I L E D**

UNITED STATES COURT OF APPEALS

**November 30, 2005**

TENTH CIRCUIT

AB'DULLAH LAMAR RASHID
MUHAMMAD,

      Plaintiff-Appellant,

v.

SAM CALBONE, Warden; TRAVIS
SMITH, Assistant Warden; DENNIS
CUNNINGHAM, Administrator;
RAMONA HOLLIER, DOC Contract
Monitor; D BRANNAM, Special
Investigator, GPCF; J CARDWELL,
Misconduct Investigator; D
UMBARGER, Grievance Coordinator;
B SMITH, Disciplinary Hearing
Officer,

      Defendants-Appellees.

No. 05-6169

(D.C. No. CIV-04-688-T)
(W.D.Okla.)

---

ORDER AND JUDGMENT [*]

---

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

      After examining the briefs and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Ab'dullah Lamar Rashid Muhammad, a pro se prisoner incarcerated in Oklahoma, appeals the district court's dismissal without prejudice of his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. Background

Muhammad filed suit on June 3, 2004, against six employees of the Great Plains Correctional Facility (GPCF), a private prison operated by Cornell Companies, Inc., and two Oklahoma Department of Corrections (ODOC) employees. Muhammad alleges: 1) defendants denied him due process and equal protection of the laws when they charged and convicted him of rape; 2) defendants retaliated against him in violation of his Fifth and Fourteenth Amendment rights when they issued three misconduct reports in response to complaints he lodged against GPCF staff; 3) defendants violated his First Amendment right to exercise his religious beliefs when they subjected him to disciplinary action for practicing Zakat (i.e., charity); and 4) defendants violated his Fourteenth Amendment rights when defendants took or misplaced certain items of personal property belonging to Muhammad. As a result of defendants' conduct, Muhammad contends he was placed in segregation, lost two years of earned credit, and ultimately was transferred to the Oklahoma State Penitentiary

(OSP). He seeks an investigation into the treatment of inmates at GPCF and compensatory and punitive damages.

The ODOC defendants filed a motion to dismiss Muhammad's complaint based on his alleged failure to exhaust administrative remedies. The remaining defendants subsequently filed a motion to dismiss also based in part on the exhaustion requirement. The district court referred the matter to a magistrate judge who issued a report and recommendation recommending that the district court dismiss Muhammad's complaint for failure to exhaust administrative remedies. Muhammad filed objections to the report and recommendation, arguing that he exhausted his remedies "to the extent allowed by the Defendants" and that "Defendant's [sic] have a habit of ignoring and/or out right refusing to address inmates [sic] Request to Staffs' [sic] and Grievances' [sic]." ROA, Doc. 35 at 2. In the alternative, Muhammad asked the district court to stay the proceedings to allow him time to exhaust his administrative remedies and to order the defendants to respond to any grievances he "resubmitted" in an attempt to exhaust his remedies. Id. The district court adopted the magistrate's report and recommendation, denied Muhammad's alternative requests, and dismissed Muhammad's complaint in its entirety.

*II. Standard of Review*

We review de novo a dismissal for failure to exhaust administrative remedies. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation

3

omitted).

*III. Discussion*

The Prison Litigation Reform Act (PLRA) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, § 1997e(a) imposes a "total exhaustion" requirement, meaning that, if a prisoner brings an action containing multiple challenges to prison conditions, the action must be dismissed for failure to exhaust administrative remedies if the prisoner has failed to exhaust administrative remedies as to any one of the asserted claims. Ross v. County of Bernalillo, 365 F.3d 1181, 1188-89 (10th Cir. 2004). Under the PLRA, an inmate must complete the entire available grievance process to have fully exhausted his or her administrative remedies. Jernigan, 304 F.3d at 1032.

We agree with the district court that Muhammad failed to demonstrate that he had exhausted administrative remedies on his claims. The grievance process available at GPCF requires inmates to first seek informal resolution of their complaints by submitting a "Request to Staff" form to the appropriate staff member. If a complaint is not resolved informally, the inmate must complete an "Inmate/Offender Grievance Report Form" which is reviewed by the facility head. To fully exhaust his or her remedies, an inmate then must appeal the decision of

4

the facility head to the administrative review authority. Complaints regarding disciplinary convictions are handled differently. To exhaust his administrative remedies regarding such convictions, an inmate is required to appeal each conviction directly to the ODOC Director.

Muhammad attached to his complaint a Request to Staff form he submitted dated October 7, 2003, regarding inmate mistreatment. ROA, Doc. 1, Ex. C. He attached a second Request to Staff form dated October 10, 2003, regarding retaliation by the same defendant based on allegations that the defendant submitted a misconduct report against Muhammad for smoking. ROA, Doc. 1, Ex. E. The record indicates that prison officials reviewed and responded to both forms, but that Muhammad did not file a grievance form or take any further action in the grievance process. Accordingly, these forms do not demonstrate that Muhammad exhausted the entire administrative remedy available to him. See Jernigan, 304 F.3d at 1032.

Muhammad also attached to his complaint a letter he wrote to Senator Harry Coats regarding the treatment of inmates, two Request to Staff forms submitted by another inmate, Ricky Smith, and another Request to Staff form he submitted after being transferred to OSP regarding personal property lost during his transfer. These also fail to demonstrate that Muhammad exhausted his remedies.

5

It should also be noted that in subsequent filings, Muhammad included copies of two appeals he lodged regarding his disciplinary convictions for smoking and bartering. The facility head denied his appeals. Although Muhammad appears to have exhausted his administrative remedies regarding these convictions, Muhammad has failed to meet the "total exhaustion" requirement of § 1997e(a). See Ross, 365 F.3d at 1188-89.

Though Muhammad argues that defendants ignore and refuse to address inmates' request and grievance forms, Muhammad has failed to present any evidence to support this contention. In fact, disciplinary convictions aside, the record is devoid of any evidence that Muhammad even attempted to proceed to the second step in the grievance process regarding any of his claims. Accordingly, the district court did not err in dismissing Muhammad's complaint without prejudice.

*IV. Conclusion*

Based on the foregoing, we AFFIRM the order of the district court. We also DENY Muhammad's motion to proceed without prepayment of the appellate filing fee. After the district court denied his earlier motion in this regard, Muhammad filed a renewed motion with this court making the same request, and this court has assessed costs and fees payable in partial payments. In light of our

6

decision, we now direct Muhammad to make immediate payment of the unpaid balance.

Entered for the Court

Mary Beck Briscoe
Circuit Judge