FILED
United States Court of Appeals
Tenth Circuit

July 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT GENE ROSS,

      Plaintiff-Appellant,

v.

TONY MCCORT; WEXFORD
HEALTH SOURCES, INC.; JOE
DOE,

      Defendants-Appellees.

No. 07-2289
(D.C. No. 07-CV-00073-MV-ACT)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Plaintiff appeals the district court's dismissal of his § 1983 complaint,

which alleged two claims of deliberate indifference to his medical needs based on

the medical care he received while incarcerated at the Western New Mexico

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Correctional Facility.[1]

In his first claim, Plaintiff asserted that Defendant Wexford Health Sources, the prison's health services provider, and Defendant Tony McCort, Wexford's health services administrator at WNMCF, were deliberately indifferent to his serious medical need when he had to wait from September 12, 2006 until September 14, 2006, to see a doctor for his stomach pains. The magistrate judge recommended that this claim be dismissed, finding that the undisputed material facts showed that Plaintiff was not suffering from a serious medical need during that time period.

The magistrate judge noted, among other things, that the undisputed evidence showed that Plaintiff was seen by two nurses in the medical clinic in the morning and afternoon of September 12, 2006.[2] Both nurses noted that they

_____

[1] Plaintiff does not appeal the earlier dismissal of two additional claims, one alleging racial discrimination in his housing assignment and the other alleging unconstitutional conditions of confinement based on overcrowding, nor does he appeal the denial of his request for an injunction. In his motion for leave to supplement the appellate brief and for remand, Plaintiff suggests that the district court erred when it "did not officially dismiss any of Plaintiff's State Tort claims without prejudice when it confined its analysis to an 8th Amendment claim only." (Opposed [sic] Pro Se Plaintiff/Appellant's Motion for Leave of Court to Supplement Appellate Brief and for Remand at 5.) However, the district court did not construe Plaintiff's lengthy and rambling complaint to assert any state claims, and we see no error in this construction of the complaint.

[2] Plaintiff argues that he was not "seen" at the clinic because the nurses did not examine him. He does not dispute, however, that he visited the clinic twice on September 12 and that he spoke with the nurses about his stomach pains on both occasions.

observed no apparent distress, and the second also noted that Plaintiff showed no pain upon palpation of his stomach. Although the parties dispute whether Plaintiff was scheduled for sick call on September 13, 2006, it is undisputed that Plaintiff did not show up at the clinic on that date or otherwise attempt to let the clinic know that he was still in pain and needed to be seen and treated. He contends that he could not place a sick call request because the sick call box was taped shut, but it is undisputed that inmates could also give sick call requests directly to medical providers or correctional officers. It is also undisputed that Plaintiff was seen at the clinic at 7:00 am on September 14, 2006, and that he did not mention his stomach complaints at that time.

The magistrate judge concluded that the undisputed material facts did not support Plaintiff's first claim of deliberately indifferent medical care based on our requirement that an inmate show a medical need "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005) (internal quotation marks omitted). The district court adopted the magistrate judge's report and recommendation, after considering Plaintiff's objections, and accordingly granted summary judgment to Defendants on this claim.

The magistrate judge further concluded that Plaintiff's second claim, based on Defendants' alleged denial of replacement orthopedic footwear for Plaintiff,

was barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), because Plaintiff had not fully exhausted his administrative remedies. Although Plaintiff filed a grievance regarding this claim, he did not appeal it to the department. "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). After considering Plaintiff's objections to the magistrate judge's report and recommendation, the district court followed the magistrate judge's recommendation and dismissed this claim without prejudice.

On appeal, Plaintiff contests the dismissal of both claims, arguing that the district court erroneously accepted Defendants' assertions as true and did not consider the disputes of fact created by Plaintiff's affidavits and other filings. Plaintiff also argues that the district court erred in rejecting his request for appointment of counsel. However, we see no error in the court's decision not to appoint counsel, and we further conclude that the magistrate judge and district court correctly applied our legal standards governing claims of deliberately indifferent medical care and exhaustion of administrative remedies.

After carefully reviewing the record and the parties' various filings on appeal, we see no error in the magistrate judge's recommendations or the district court's decision. Therefore, for substantially the same reasons set forth in the magistrate judge's report and recommendation and adopted by the district court,

we **AFFIRM**.  We **GRANT** Plaintiff's request to proceed *in forma pauperis* on appeal and remind him of his continuing obligation to make partial payments until the full amount of his appellate filing fee is paid.  Because Plaintiff has now obtained counsel, we **DENY** as moot his request for appointment of counsel.  All other pending motions, including Plaintiff's counseled motion for leave to file a supplemental brief and for remand, are **DENIED**.

Entered for the Court

Monroe G. McKay
Circuit Judge