**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIE GREEN,

      Plaintiff-Appellant,

v.

MARTY SIRMONS; TERESA
ALEXANDER; MARTY RUCKER;
SHAWN CHUMLEY, a/k/a Lt.
Chumley; RONALD BARNES, a/k/a
Cpl. Barnes; EUGENIA EVERLY,
a/k/a C/O. Everly; WAYNE RILEY,
a/k/a C/O. Riley; SCOTT SLATER,
a/k/a Lt. Slater; BRADLEY SUITER,
a/k/a Lt. Suiter; EDWARD GARVIN,
a/k/a Sgt. Garvin; JOHN THOMAS,
a/k/a Sgt. J. Thomas; JOHN DOE, #1;
JOHN DOE, #2,

      Defendants-Appellees.

No. 08-7032
(D.C. No. 6:07-CV-00037-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Willie Green is an inmate at the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma. Mr. Green brought this *pro se* action under 42 U.S.C. § 1983 against several prison guards and OSP officials who, he alleges, deprived him of his Eighth and Fourteenth Amendment rights by failing to protect him from an assault by other inmates. In due course, the district court awarded summary judgment to the defendants on the ground that Mr. Green had failed to exhaust administrative remedies available to him before bringing suit. We review the district court's decision *de novo*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), affording Mr. Green the generous construction of his pleadings and other papers to which *pro se* litigants are entitled, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). In doing so, and after a careful review of the record, we affirm.[1]

As the district court correctly noted, under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), "[i]nmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed." D.Ct. Op. at 5; *Yousef v. Reno*, 254 F.3d

---

[1] During the pendency of this appeal, Mr. Green submitted a letter to the court alleging that the Appellees obstructed his ability to file a reply brief in this case. We ordered a response from the Appellees, and they submitted evidence indicating that they had acted properly. But out of an abundance of caution, and without prejudice to any claims Mr. Green may have arising out of his allegations, we extended Mr. Green's time for filing a reply brief until October 22, 2008. As of today, we have not received any additional filings from Mr. Green.

1214, 1216 n.1 (10th Cir. 2001). In Oklahoma, a prisoner must comply with the "Inmate/Offender Grievance Process" ("Grievance Process") established by the Oklahoma Department of Corrections ("DOC") in order to effectively exhaust his administrative remedies. R. at 105-26. In this case, Mr. Green filed two separate grievances concerning the alleged assault, but exhausted neither.

Shortly after the alleged assault, Mr. Green filed, in compliance with DOC rules, an informal complaint with prison staff. On September 15, 2006, Mr. Green received a response from staff. Dissatisfied with that response, Mr. Green had recourse in the first instance to his warden, pursuant to DOC regulations. Grievance Process, Sec. V.A, R. at 109. But DOC regulations provide that an inmate must present any grievance within fifteen days after receiving the staff's response. Grievance Process, Sec. V.A.1, R. at 109. Mr. Green did not comply with this requirement, filing his grievance (No. 06-2594) on October 31, 2006, well outside the fifteen day period. After the warden denied his grievance, Mr. Green sought to pursue an appeal to the DOC itself, a right normally afforded to prisoners dissatisfied with their warden's disposition. Grievance Process, Sec. VII, R. at 112-14. In this case, however, the DOC denied Mr. Green's appeal on the procedural ground that he had failed to present his grievance to the warden in a timely manner. R. at 131. The DOC's conclusion is correct under the terms of its own rules, and the Supreme Court has held that to meet the PLRA's exhaustion requirement, a prisoner must "use[] all steps that the agency holds out" in

- 3 -

"compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotations omitted); *see also Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006), *overruled on other grounds by Robbins v. Oklahoma*, 461 F.3d 1242 (10th Cir. 2008). Because Mr. Green did not comply with the pertinent deadline prescribed by DOC rules for his grievance No. 06-2594, we are obliged to conclude he failed to exhaust the administrative procedures available to him.

The facts surrounding Mr. Green's second grievance, No. 06-2434, are different, but the result is much the same. After initiating his first informal complaint about the assault (what became grievance 06-2594), Mr. Green represents that he filed a timely follow-up grievance with his warden, but asserts that he never received a response to that grievance. To address the warden's failure to respond, Mr. Green filed grievance No. 06-2434 with the DOC. The DOC, however, returned the grievance without a ruling, explaining that Mr. Green had presented no *evidence* supporting his claim that he had, in fact, ever submitted his putative follow-up complaint with the warden. R. at 103. Without evidence that the warden had been presented with and failed to address a complaint, it held, the DOC could not finally adjudicate Mr. Green's claim. *See id.* The DOC gave Mr. Green ten days to resubmit grievance No. 06-2434 along with evidence substantiating his claim. *Id.*; *see also* Grievance Process, Sec. V.A.7, R. at 110. This Mr. Green did not do. Accordingly, no final adjudication

exists of this grievance and Mr. Green failed to exhaust his administrative remedies. *See Jernigan*, 304 F.3d at 1032 ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies.").

Because Mr. Green failed to exhaust his administrative remedies within the meaning of the PLRA, the district court's award of summary judgment to the defendants must be affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge