**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARIO WILLIAMS,

        Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, INC.,

        Defendant - Appellee.

No. 10-7068
(D.C. No. 6:09-CV-00468-FHS-SPS)
(E.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the appellate briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

adjudication of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, Oklahoma state prisoner Mario Williams appeals the

district court's dismissal of the civil rights complaint he brought pursuant to 42

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 1983. During the relevant time period, Williams was confined at the Davis Correctional Facility in Holdenville, Oklahoma. This facility is operated by defendant, Corrections Corporation of America ("CCA"). Williams's claims stemmed from an incident which began when he refused to comply with a direct order from the Chief of Unit Management. A team of corrections officers thereafter entered Williams's cell, placed hand and leg restraints on him, removed him from the cell, and placed him in administrative segregation. In his complaint, Williams asserted his First and Fourteenth Amendment rights were violated when Defendants denied him access to the facility's grievance procedures. He also alleged being subjected to excessive force and denied medical care, in violation of the Eighth Amendment. Finally, he asserted Defendants violated his Fourteenth Amendment rights by retaliating against him for filing grievances.

Defendants moved to dismiss Williams's complaint, arguing he failed to exhaust his administrative remedies. The district court granted the motion and Williams appeals.

This court reviews de novo a dismissal for failure to exhaust administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Pursuant to the provisions of the Prison Litigation Reform Act ("PLRA"), "available" administrative remedies must be exhausted prior to filing a § 1983 action with respect to prison conditions. 42 U.S.C. § 1997e(a).

The standard grievance procedure utilized by CCA requires inmates to first submit an informal "Request to Staff" form to the "appropriate staff." If the inmate is dissatisfied with the informal resolution of his complaint, he may then file a formal grievance. The record indicates Williams did not follow this procedure. Instead, he attempted to proceed directly to the formal grievance step by designating his complaint as an "emergency." CCA procedures permit an inmate to bypass the informal resolution stage when his "complaint alleges irreparable harm or personal injury will occur and which the grievance process will be unable to address in a timely preventative manner."

On October 1, 2009, Williams filed formal grievance 09-179, designating it as an emergency grievance. Consistent with the applicable grievance procedure, CCA reviewed the form to determine if it did, in fact, constitute an emergency. The form was returned to Williams unanswered on October 6, 2009, with a notation that (1) he must use the standard grievance procedure because the grievance did not qualify as an emergency, (2) he failed to attempt an informal resolution, (3) he used the incorrect form. Williams filed a second grievance, again designating it as an emergency grievance. It was also returned unanswered based on the determination it was not an emergency. Williams was also advised to use DOC form 140117A to request medical services from the health services unit.

Williams then filed two additional grievances, #09-216 and #09-217. In each, he alleged he had received no response to Request to Staff forms he submitted to CCA personnel. CCA responded to each grievance, instructing Williams that the Request to Staff forms must be sent to the unit clerk who will "log the form and then . . . send it to the appropriate staff member." There is no evidence in the record that the forms were resubmitted or that Williams pursued any other administrative remedy.

This court has held that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan*, 304 F.3d at 1032. By neglecting to pursue the informal resolution of his complaint by submitting a Request to Staff form to the unit clerk as instructed, Williams failed to employ the administrative remedies available to him. *See id.* at 1032-33.

The district court's judgment granting Defendants' motion to dismiss is **affirmed**. Williams's application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-