FILED
United States Court of Appeals
Tenth Circuit

April 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONNY DARNELL,

    Plaintiff - Appellant,

v.

JUSTIN JONES; DON SUTMILLER;
JANET DOWLING; KATRYNA FRECH;
JAMES SMASH; MICHAEL ADDISON;
BUDDY HONAKER; JAMES
KEITHLEY; JOEL B. McCURDY,

    Defendants - Appellees.

No. 14-6195
(D.C. No. 5:12-CV-01065-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.
_____

Ronny Darnell, also known as Phoebe Halliwell, appeals the dismissal of her

42 U.S.C. § 1983 suit.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Darnell, a state prisoner appearing pro se,[1] asserts that her constitutional rights

were violated by Oklahoma Department of Corrections ("ODOC") employees.

_____

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Darnell identifies as a male to female preoperative transsexual with Gender Identity Disorder ("GID").[1] She alleges that Oklahoma prison officials have refused to provide her with appropriate medical treatment for GID, including hormone therapy and consultation with a specialist experienced in treating individuals with GID.

On April 19, 2012, Darnell filed a "Request to Staff" inquiring about the denial of her request for GID treatment. Dr. James Smash responded that "[n]o one is being treated in [the Department of Corrections] for this as far as I know," and informed Darnell that she was "welcome to go higher in mental health if not satisfied." Darnell then filed an "Offender Grievance Report Form" requesting that Dr. Smash be directed to provide treatment. This request was denied by Katryna Frech, who wrote that "[g]eneral counseling is not provided for individual issues that are not mental health in nature."

Darnell attempted to appeal the denial of her request to the Administrative Review Authority at ODOC. On June 5, 2012, the appeal sent by Darnell was returned unanswered and accompanied by a document informing Darnell that medical grievances must be submitted to the Chief Medical Officer ("CMO") at a specifically provided address. Darnell alleges that she was misinformed by a law library supervisor as to where her appeal should have been sent, and that after the return of the appeal, she again requested that prison staff fax the document to the CMO.

---

[1] We construe Darnell's pro se filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Darnell never mailed her appeal to the CMO; instead, she filed an action in the district court.

On defendants' motion for summary judgment, a magistrate judge recommended that the complaint be dismissed based on Eleventh Amendment immunity to the extent that Darnell requested monetary damages, that the remaining federal claims be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), and that the court decline to exercise supplemental jurisdiction over Darnell's state-law claims. The district court adopted these recommendations and dismissed the complaint. Darnell now appeals.

## II

We review the district court's summary judgment decision de novo. Willis v. Bender, 596 F.3d 1244, 1253 (10th Cir. 2010). In conducting this review, we take the evidence in the light most favorable to Darnell, the party opposing summary judgment. McCarty v. Gilchrist, 646 F.3d 1281, 1284 (10th Cir. 2011). "Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Id. at 1284-85 (quotation omitted).

On appeal, Darnell meaningfully challenges only the district court's dismissal for failure to exhaust and has thus waived review of all other issues. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived."). Our review of a dismissal under the PLRA for failure to exhaust administrative remedies is de novo. Patel v. Fleming,

415 F.3d 1105, 1108 (10th Cir. 2005). The PLRA requires a prisoner to exhaust all available administrative remedies before bringing suit with respect to prison conditions. 42 U.S.C. § 1997e(a). Exhaustion under the PLRA requires "compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust [her] administrative remedies." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

We agree with the district court that Darnell failed to exhaust her administrative remedies. ODOC has adopted a multi-step process through which an incarcerated individual may seek formal review of complaints relating to conditions of confinement. As part of this process, an incarcerated individual seeking to appeal a decision pertaining to a medical grievance must submit the appeal to the CMO through the U.S. Postal Service. Because Darnell failed to mail her appeal to the CMO, that appeal was returned to her unanswered but accompanied by a form that explained why the appeal was being returned and provided her with the proper address for the CMO. She never mailed her appeal to the proper address.

Darnell contends that prison officials prevented her from exhausting required administrative remedies. See Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail h[er]self of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust."). Specifically, Darnell contends

-4-

that after her appeal was returned, she submitted a formal request to staff asking a prison official to fax her document to the CMO. This argument is unavailing. Darnell does not contend that she was prohibited from mailing her appeal to the CMO though threats or intimidation. See Tuckel v. Grover, 660 F.3d 1249, 1252 (10th Cir. 2011). It is undisputed that Darnell did not resubmit her appeal to the CMO pursuant to the ODOC process that directs such appeals to be "submitted in a separate envelope and mailed through the U.S. Postal Service."

Because Darnell failed to exhaust her administrative remedies as required by the PLRA, we do not reach the merits of her claims.

### III

The decision of the district court is **AFFIRMED**. Darnell's motion to proceed in forma pauperis is **GRANTED**. We remind Darnell that she remains obligated to continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Carlos F. Lucero
Circuit Judge