**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TYRONE LESLIE FARRIS,

      Plaintiff - Appellant,

v.

C/O J. FRAZIER; DENISE ALSTON,
Sgt.; KRISTIE BEARDON, Sgt.; BILLY
GIBSON, Executive Warden; R. JONES,
Captain; ROBERT PATTON, Director
DOC; GEO GROUP, INC.; HECTOR A.
RIOS, JR., Warden; DEAN CALDWELL,
Deputy Warden; RICK WHITTEN,
Deputy Warden; RICHARD TINKER,
Chaplain; JOHN DOE, Food Service
Supervisor; NANCY FENNELL, Food
Service Supervisor; Ms. SCHULER,
Dietician,

      Defendants - Appellees.

No. 14-6166
(D.C. No. 5:12-CV-01099-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Tyrone Farris, an Oklahoma state inmate, filed this action under 42 U.S.C. § 1983, related federal statutory provisions, and the Religious Land Use and Institutionalized Persons Act against various Oklahoma Department of Corrections officials and a private prison operator. The district court found that Mr. Farris failed to exhaust administrative remedies for any of his claims and various other fatal deficiencies in his suit. Mr. Farris now asks us to overturn this ruling but we are unable to discern any lawful grounds on which we might do so.

The Prison Litigation Reform Act of 1995 requires Mr. Farris to exhaust ODOC's grievance procedures before the doors of the courthouse may open to him. *See* 42 U.S.C. § 1997e(a). Although it's true Mr. Farris filed many grievances, he hasn't offered any evidence as he must that he pursued any of them through the full ODOC grievance process — which requires, among other steps, appealing any adverse judgment on an initial grievance petition. *See Woodford v. Ngo*, 548 U.S. 81, 83-84, 90 (2006); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The defendants have submitted sworn affidavits from a prison official attesting that, although she reviewed the inmate grievance files, she found no evidence that Mr. Farris ever completed the appeals process. Against this, Mr. Farris argues only that he was thwarted in his efforts to exhaust administrative remedies, excusing his failure to do so. But Mr. Farris hasn't produced any competent summary judgment evidence in support of this assertion.

To the extent Mr. Farris raises other arguments that are beside the point or offered only for the first time on appeal, we decline to consider them. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011). Likewise, we have no reason to consider any of the district court's alternative grounds for dismissal as its exhaustion holding alone suffices. The district court's order is affirmed. Mr. Farris's request for a Rule 33 appeal conference is denied.

Entered for the Court

Neil M. Gorsuch
Circuit Judge