**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABRAHAM ADKINS,

      Plaintiff - Appellant,

v.

ROBERT SAPIEN, Unit Team
Manager, El Dorado Correctional
Facility; RAY ROBERTS, Warden, El
Dorado Correctional Facility,

      Defendants - Appellees.

No. 06-3104
(D.C. No. 06-CV-3036-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Plaintiff-Appellant Abraham Adkins appeals from the district court's

dismissal of his complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we

AFFIRM.

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Adkins, a state prisoner at the El Dorado Correctional Facility, filed a "Notice of Motion; Writ of Mandamus" in federal district court. Adkins sought relief under both 28 U.S.C. § 1361, which provides for district court jurisdiction to issue writs of mandamus, and 42 U.S.C. § 1983, which allows recovery against state actors who violate federal law. Adkins further asked the district court to exercise supplemental jurisdiction over additional state law claims. The heart of Adkins's claims was that prison officials placed him on "copy and mailing restrictions," which he claims violates his constitutional right of access to the courts.

The district court dismissed his § 1983 claim for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Further, the court rejected his request for mandamus relief because federal courts lack jurisdiction to issue a writ of mandamus directed at state officials. Finally, the district court declined to exercise supplemental jurisdiction over any state court claims, as it had dismissed all of the claims over which it had original jurisdiction. Adkins timely appealed this order.

## DISCUSSION

Liberally construing Adkins's *pro se* brief on appeal, see Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005), he appears to raise three claims: (1) he was not required to exhaust administrative remedies before bringing this action; (2)

the district court does have power to issue a writ of mandamus to state officials; and (3) prison officials violated his constitutional rights by denying him access to the courts.

As to Adkins's first claim, PLRA requires a prisoner seeking relief against state officials under § 1983 to exhaust available administrative remedies before bringing suit, "[e]ven where the 'available' remedies would appear to be futile . . . ." Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); see generally Woodford v. Ngo, ---U.S.---, 2006 WL 1698937, *2 (2006) ("[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983."). Thus, Adkins's argument fails.

Adkins also argues that the federal court does have jurisdiction to issue a writ of mandamus directed at a state official under 28 U.S.C. § 1361. However, that statute plainly provides that the district court has jurisdiction over "any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." (Emphasis added.) See also Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs., 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361."). The district court therefore properly ruled that it lacked jurisdiction to issue the writ.

Finally, Adkins argues that he was denied his right to access to the courts. Essentially, Adkins is asking this court to rule on the merits of his lawsuit. As we

affirm the district court's dismissal of the suit based on failure to exhaust and lack of jurisdiction to issue a writ of mandamus, we will not entertain this argument.

## CONCLUSION

Accordingly, we AFFIRM the district court's dismissal (without prejudice) of Adkins's complaint. We remind Adkins of his continuing obligation to make partial payments until the full amount of his appellate filing fee is paid.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge