FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**August 25, 2008**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

SAMUEL ROBERT QUEEN,

       Plaintiff-Appellant,

v.

EDWARD McINTIRE, Senior
Correctional Officer, USP-
Leavenworth, in his individual
capacity; JAMES THOMACEE,
Senior Correctional Officer, USP-
Leavenworth, in his individual
capacity; BRET JESTES, Senior
Correctional Officer, USP-
Leavenworth, in his individual
capacity; C. GOODWIN, Senior
Correctional Officer, USP-
Leavenworth, in his individual
capacity; MICHAEL GRAY, Senior
Correctional Officer, USP-
Leavenworth, in his individual
capacity; STEVEN LACY,
Disciplinary Hearing Officer, USP-
Leavenworth, in his individual
capacity; D. WITTLAUFER,
Lieutenant, Senior Correctional
Officer, USP-Leavenworth, in his
individual capacity; G. L.
HERSHBERGER, Regional Director,
in his individual capacity; JOHN
CHILDS, Counselor, Senior
Correctional Officer, USP-
Leavenworth, in his individual
capacity; E. J. GALLEGOS, Warden,
USP-Leavenworth, in his individual
capacity; MICHAEL MILDER, Unit
Manager, USP-Leavenworth, in his
individual capacity; MICHAEL

No. 08-3058
(D.C. No. 05-CV-3275-SAC)
(D. Kan.)

NALLEY, Regional Director, USP-
Leavenworth, in his individual
capacity,

     Defendants-Appellees.

---

**ORDER AND JUDGMENT**<sup>*</sup>

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Samuel Robert Queen, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his lawsuit against several prison guards and officials at the United States Penitentiary in Leavenworth, Kansas, alleging violations of his First, Fourth, Fifth, Eighth and Fourteenth Amendment rights. Defendants moved to dismiss on a variety of grounds. The district court ultimately granted the motion on the basis that he failed "to exhaust administrative remedies properly under 42 U.S.C. § 1997e." We review this decision *de novo*. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Given that Mr. Queen is proceeding *pro se*, we review his pleadings and other papers liberally. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

---

   <sup>*</sup> This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Even with these standards firmly in mind, we are compelled to agree with the district court. As defendants have pointed out, and the district court found, of the twelve administrative grievances filed by Mr. Queen, all but one was rejected for Mr. Queen's failure to follow appropriate procedural steps. R., Doc. 42 at 9-14. Mr. Queen's own evidence demonstrates that he knew his complaints were rejected as being procedurally deficient, but he still failed to pursue administrative appeals or correct identified errors. *See* R., Doc. 48, Exs. 2-6, 12, 13,16; Doc. 42, Exs. 1-4. With respect to his single procedurally effective claim, after Mr. Queen received an adverse response from the warden it is undisputed that he failed to pursue the matter through the administrative appellate mechanisms available to him. R., Doc. 42 at 10, Ex. 1.

Mr. Queen replies before us, as he did in the district court, that he should be excused from the exhaustion requirements because defendants made the grievance process "unavailable" to him. Op. Br. at 1. Specifically, he alleges that he was "limited in [his] ability to access [his] unit team members" because they would "avoid[] visiting [his] cell area to accept grievances and return grievances." *Id.* In support of his claim, Mr. Queen submitted to the district court certain affidavits purportedly from other inmates. The district court found the affidavits of dubious authenticity and thus entitled to little weight, and we cannot disagree with that conclusion. Several of the affidavits contain typewritten signatures, and were dated Friday, December 1, 2006, at locations

- 3 -

throughout the county, yet submitted by Mr. Queen together on Monday, December 4, 2006 (something that would not be possible through the prison mail system), suggesting that Mr. Queen created them himself. R., Doc. 48, Exs. 19-33; Doc. 53 at 36-38 (citing Declaration of Mary A. Benning, Declaration of Laura A. Mason, and Declaration of Jonathan Kaminski). Further, Mr. Queen was not approved to correspond with other inmates at the time the affidavits were purportedly signed, R., Doc. 53 at 38 (citing Declaration of Laura A. Mason), and several of the inmates who signed affidavits were never incarcerated at Leavenworth with Mr. Queen, R., Doc. 53 at 38 (citing Declaration of Mary A. Benning).

Accordingly, we affirm the district court's determination that Mr. Queen did not exhaust his administrative remedies and that his claims were not properly excused from exhaustion. Mr. Queen is reminded that he must continue making payments until the full balance of the appellate filing fee in this matter is paid.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge