**UNITED STATES COURT OF APPEALS**

**October 8, 2008**

**TENTH CIRCUIT**

JOSEPH FLORES,

      Plaintiff-Appellant,

v.

GEO SECURITY; FNU RYE, LT;
FNU STORY; FNU SERIOS, C/O's,

      Defendants-Appellees.

No. 08-2082
(D.C. No. CIV-06-1163-MV-ACT)
(D. N.M.)

ORDER AND JUDGMENT*

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Joseph Flores, a state prisoner proceeding *pro se*, appeals the district

court's dismissal of his 42 U.S.C. § 1983 lawsuit against defendants, alleging his

constitutional rights were violated when prison officials failed to transfer him to

voluntary segregation and he was thereafter assaulted by fellow inmates.  The

magistrate judge assigned to this case recommended that the suit be dismissed

without prejudice for failure to exhaust administrative remedies, pursuant to 42

---

* This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C § 1997e(a). After entertaining Mr. Flores's objections, the district court ultimately adopted the magistrate judge's report in full.

We review the district court's decision *de novo*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); aware that Mr. Flores is proceeding *pro se*, we review his pleadings and other papers with special solicitude. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Even with these standards in mind, we find ourselves compelled to affirm.

Under applicable prison administrative procedures, Mr. Flores was required to take certain steps to secure voluntary segregation. *See* New Mexico Corrections Department Policy CD-143001, R. at 138-39. Pertinent to this case, Mr. Flores was obliged to file a written request for voluntary segregation and, in that request, he had to identify the prisoners who, he thought, constituted a threat to him. *Id.* Mr. Flores refused to name those he feared might attack him, on the ground that he did not wish to be a "rat[]" *see* Compl., R. at 9, and in accordance with its procedures, *see* CD-143001, R. at 138-39, the prison declined to act on Mr. Flores's request for voluntary segregation. Notably, Mr. Flores's appellate brief does not discuss, let alone contest, any of this but proceeds instead to argue the merits of his constitutional claims. Before us, then, it is undisputed that Mr. Flores failed to exhaust the procedures available to him to secure voluntary segregation and, pursuant to the Prison Litigation Reform Act, 42 U.S.C § 1997e(a), we must affirm the dismissal of his lawsuit. Congress has firmly

instructed that no claim may be brought in federal court unless all "available" administrative remedies are exhausted, *id.,* and this remains true even if "the relief sought–monetary damages–cannot be granted by the administrative process," *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).[1]  Separately, we grant Mr. Flores's motion to pay the filing fee in partial payments, but he is reminded that he must continue making payments until the full balance of the appellate filing fee in this matter is paid.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

---

[1] *After* the assault in question, Mr. Flores did file a complete application seeking voluntary segregation naming those fellow inmates he feared, but his lawsuit includes no complaint about the disposition of this later application or any treatment he received from prison officials or fellow inmates after he completed it.  In fact, it appears that, after Mr. Flores completed the administrative process available to him, he was promptly granted voluntary segregation. R. at 250-51.