**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES MOORE,

  Plaintiff - Appellant,

v.

JUSTIN JONES, Director; RANDALL
WORKMAN, Warden; LIEUTENANT
HANCOCK; RANDY RODEN, Tower
#5 Officer,

  Defendants - Appellees.

No. 08-7112

(E.D. Oklahoma)

(D.C. No. 07-CV-00062-RAW-SPS)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the appellate briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Proceeding *pro se*, Oklahoma state prisoner Charles Moore appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. The claims asserted in Moore's complaint arose from an incident in which Moore was assaulted by several other inmates. Moore alleged violations of his Eighth and Fourteenth Amendment rights in connection with the incident. Defendants moved to dismiss Moore's complaint, arguing, *inter alia*, that he failed to exhaust his administrative remedies. The district court granted the motion and Moore appeals.

This court conducts a de novo review of a dismissal for failure to exhaust administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). The Prison Litigation Reform Act ("PLRA"), requires that "available" administrative remedies be exhausted prior to filing a § 1983 action with respect to prison conditions. 42 U.S.C. § 1997e(a). The record contains a copy of an inmate grievance report form signed by Moore and dated November 10, 2006. On December 12, 2006, Moore submitted a Request to Staff inquiring about the status of his grievance. In response, Moore was advised that the Oklahoma State Penitentiary had no record of his grievance. He then submitted the grievance to the Oklahoma Department of Corrections. The grievance was returned to Moore on January 11, 2007, with instructions to resubmit it to the facility head. There is no evidence in the record that the grievance was resubmitted or that Moore pursued any other administrative remedy.

In *Jernigan*, this court held that "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Id.* By not resubmitting his grievance as instructed, Moore failed to employ the administrative remedies available to him. *See id.* at 1032-33.

The district court's judgment dismissing Moore's complaint without prejudice is **affirmed**. Moore's application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge