FILED
United States Court of Appeals
Tenth Circuit

August 11, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EZEKIEL DAVIS,

      Plaintiff-Appellant,

v.

JUSTIN JONES, RANDY
WORKMAN, CHIEF MEDICAL
OFFICER, CHO D.O.C., CHESTER
MASON, Medical Supervisor, DR.
ELLINGTON, BRUCE WHITE, UNK,
Medical Staff for D.O.C.,

      Defendants-Appellees.

No. 10-7029
(D.C. No. 6:09-CV-00092-RAW-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Ezekiel Davis is an inmate held by the Oklahoma Department of
Corrections ("ODOC"). Mr. Davis brought this *pro se* action under 42 U.S.C.
§ 1983 against ODOC officials who, he alleges, deprived him of his Eighth

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Amendment rights by not providing adequate mental health treatment despite making the notation "potentially intellectually challenged" in his record when he was taken into ODOC custody. In due course, the district court dismissed Mr. Davis's complaint on the ground that he failed to exhaust administrative remedies available to him before bringing suit. We review the district court's decision *de novo*, *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002), affording Mr. Davis the generous construction of his pleadings and other papers to which *pro se* litigants are entitled, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007). In doing so, and after a careful review of the record, we affirm.

As the district court correctly noted, under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), "[i]nmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed." D.Ct. Op. at 2; *Yousef v. Reno*, 254 F.3d 1214, 1216 n. 1 (10th Cir. 2001). In Oklahoma, a prisoner must comply with the "Inmate/Offender Grievance Process" ("Grievance Process") established by ODOC in order to effectively exhaust his administrative remedies. R. at 99-116.

In this case, Mr. Davis filed a grievance on December 8, 2008, but did not exhaust the Grievance Process. Prison officials returned Mr. Davis's grievance with the instruction that it should be addressed to the Health Services office because it concerned a medical issue. R. at 185. Mr. Davis did not comply with this instruction, and neither did he attempt to appeal this procedural response to

his grievance.  *See* Grievance Process § VII.B, R. at 108.  The Supreme Court has held that to meet the PLRA's exhaustion requirement, a prisoner must "use[ ] all steps that the agency holds out" in "compliance with an agency's deadlines and other critical procedural rules."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (internal quotations omitted); *see also Williams v. Franklin*, 302 F. App'x 830, 831 (10th Cir. 2008) (unpublished).  This Mr. Davis did not do, and so we are obliged to conclude the district court was correct to dismiss his suit.  The district court granted Mr. Davis's motion to proceed *in forma pauperis*; we pause to remind him of his obligation to continue making partial payments until his appellate filing fee is paid in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge