FILED
United States Court of Appeals
Tenth Circuit

August 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENH CIRCUIT

NATHANIEL JACKSON,

     Plaintiff - Appellant,

v.

RANDALL WORKMAN, Warden
OSP; HARRY READING, Unit
Manager of C Unit - OSP; Lt.
ETCHISON; Sgt. REYNOLDS,
Officer OSP; Sgt. KELLY, Officer
OSP; Corporal CRENSHAW, Officer
OSP; Corporal KEMPER, Officer
OSP,

     Defendants - Appellees.

No. 10-7033
(D.C. No. 6:09-CV-00411-FHS-SPS)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

    Plaintiff-Appellant Nathaniel Jackson, a state inmate proceeding pro se,

appeals the district court's dismissal of his 42 U.S.C. § 1983 action.  Mr. Jackson

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

sued Randall Workman, the warden of the Oklahoma State Penitentiary ("OSP"), and various other OSP officers for an alleged July 29, 2009 beating in violation of the Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution. R. 6-16, 247. The district court found that Mr. Jackson had not exhausted his administrative remedies, as required by 42 U.S.C. § 1997e(a), and granted Defendants' motion to dismiss. Id. at 247-49.

We review de novo a district court's dismissal for failure to exhaust administrative remedies under § 1997e(a). Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). On appeal, Mr. Jackson does not contend that he actually exhausted his available administrative remedies. Instead, he reasserts the substantive validity of his claims. Aplt. Br. 2-4.

Prisoners suing under § 1983 regarding prison conditions must first exhaust available administrative remedies. 42 U.S.C. § 1997e(a); Jernigan, 304 F.3d at 1032. The briefs and record show that Mr. Jackson has not exhausted his administrative remedies. The Oklahoma Department of Corrections requires prisoners to follow three steps of written grievances to exhaust their remedies: (1) a request to the staff; (2) a grievance to the facility head; and (3) an appeal to the administrative review authority. Aplee. Br. at 3; R. 52, 55-62. Defendants submitted affidavits swearing that Mr. Jackson has not filed any grievance appeal regarding any non-medical issues in his complaint, R. 69, and that he has not filed any grievance appeal regarding medical issues in the last several years, id. at 79.

- 2 -

Because Mr. Jackson did not exhaust the available administrative remedies, §

1997e(a) bars his suit.

AFFIRMED.  We DENY request for appointment of counsel.  We GRANT

appellant's motion to proceed without prepayment of fees and remind appellant

that he is obligated to continue to make partial payments until the filing fee is

paid in full.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge