**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 26, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRILL DEWAYNE GURLEY, JR.,

     Plaintiff - Appellant,

v.

FNU CLARK, Lt; FNU DAWSON, Sgt;
FNU KINNDER, C O; FNU
LIVINGSTON, C O; FNU NEIAL, C O;
GEO GROUP INC; H A RIOS, JR.,
Warden,

     Defendants - Appellees.

No. 15-6105
(D.C. No. 5:14-CV-00381-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Appellant Terrill D. Gurley, Jr. appeals from the district court's dismissal of

his 42 U.S.C. § 1983 claim. Gurley is a state prisoner at Lawton Correctional

Facility, a private prison. Gurley raised a single claim, alleging that defendants—

various correctional officers and the private company that runs the prison—violated

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his Eighth Amendment rights by acting with deliberate indifference to his health and safety by failing to protect him from an attack by other inmates.

The district court granted summary judgment against Gurley after determining that he failed to exhaust administrative remedies as required by the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires meeting all necessary steps within the applicable filing deadlines. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The prison grievance process determines whether an inmate has properly exhausted his claims. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Oklahoma Department of Corrections Policy OP-090124 sets out the procedure for exhausting administrative remedies in Oklahoma state prisons, including private prisons. First, the prisoner must attempt to informally resolve the matter with the affected staff, supervising employee, or other appropriate staff member within three days of the incident. If the matter is not resolved, the inmate must then submit a Request to Staff (RTS) to the law-library supervisor or designated staff member within seven days of the incident. If the matter is still unresolved, the inmate may file a grievance with the reviewing authority within fifteen days of the incident or of the staff's response to the RTS, whichever is later. Finally, if the matter is still unresolved the inmate may apply to the administrative review authority or chief

medical officer, whichever is appropriate, within fifteen days of receiving the response to the grievance. All four steps are required for exhaustion of the inmate's administrative remedies.

We review de novo a district court's grant of summary judgment. *Baca v. Sklar*, 398 F.3d 1210, 1216 (10th Cir. 2005). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

No one disputes that Gurley was assaulted and injured by two other inmates. Nor does Gurley dispute that he has failed to exhaust administrative remedies. Instead, he asserts that we should excuse his failure to exhaust because he was unaware of the requirement. Gurley acknowledges that he requested and received a civil-complaint form from the law-library supervisor, but he complains that the law-library supervisor failed to advise him of the need to exhaust administrative procedures before filing his civil complaint.

When a prison official prevents or hinders an inmate's attempts to exhaust administrative remedies, we will excuse an inmate's failure to exhaust administrative procedures. *See Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." (citing *Lyon v. Vande Krol*, 305 F.3d 806, 808 (9th Cir. 2002) (en banc))); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (finding that failure to respond to a grievance within the policy time-limit makes an

3

administrative remedy unavailable). But here prison officials did not fail to respond to Gurley's requests or actively block the grievance process. We see that Gurley asked about filing a civil complaint. The law-library supervisor did nothing to stop Gurley from pursuing administrative remedies or to make the process more difficult; rather, he gave Gurley the form he sought. Additionally, the form itself asks whether the inmate sought administrative relief and asks for an explanation if not, putting the inmate on notice that the administrative remedies are relevant. In both his complaint and his amended complaint, Gurley checked "No" but did not give an explanation in the space below.

Lack of knowledge of the exhaustion requirement does not excuse an inmate's failure to exhaust administrative procedures. Gurley's use of the RTS procedure in a separate instance shows that he was at least aware of the administrative procedures and knew how the process worked. Under these circumstances, we cannot excuse Gurley's failure to exhaust administrative remedies.

We AFFIRM the district court's dismissal of Gurley's claims for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). We remind Gurley of his continuing obligation to make partial payments on his filing fee until the entire fee has been paid. The motion for extension of time to file a reply brief is denied.

Entered for the Court


Gregory A. Phillips
Circuit Judge


4