FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 5, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL ANTHONY
WHITESELL,

Plaintiff-Appellant,

v.

BRUCE O. BURNHAM,

Defendant-Appellee.

No. 17-4050
(D.C. No. 2:13-CV-1043-DAK)
(D. Utah)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.

This appeal involves an action under 42 U.S.C. § 1983 by Mr.

Michael Whitesell. Mr. Whitesell served two stints in prison: one in 2010

and another in 2013. In his first prison term, he allegedly encountered

deliberate indifference to a serious medical condition and eventually sued.

---

[*] The parties do not request oral argument, and we do not believe that oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Under federal law, he had to exhaust administrative remedies before suing. 42 U.S.C. § 1997e(a). He didn't, and the district court granted the defendant's motion for summary judgment.

Mr. Whitesell appeals and seeks leave to proceed in forma pauperis. We affirm and grant leave to proceed in forma pauperis.

1.     **Standard of Review**

In deciding the appeal, we engage in de novo review, viewing the evidence in the light most favorable to Mr. Whitesell. *Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011). Viewing the evidence in this light, we must determine whether Mr. Whitesell properly completed available remedies. The undisputed evidence shows that he did not.

 2.     **Exhaustion**

Under federal law, a prisoner cannot bring suit under § 1983 regarding prison conditions until he or she completes the prison's administrative process. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . for failure to exhaust his administrative remedies."). Thus, we start with the administrative remedies that were available to Mr. Whitesell.

The first step in the administrative process (called "Level One") was to file a grievance within seven working days of an incident or the date that the prisoner knew or should have known about a grievable incident. If

2

the prisoner was dissatisfied with the response, he or she could file a grievance appeal (called "Level Two") to the warden or designee within five working days of receiving the response. And if the prisoner remained dissatisfied with the outcome, he or she could file another grievance appeal (called "Level Three") within five working days to the Hearing Office of the Utah Department of Corrections.

### 3.    Mr. Whitesell's Allegations and Administrative Steps

The alleged denial of medical attention took place in February 2010. According to Mr. Whitesell, he contracted pneumonia because of the poor medical treatment. But Mr. Whitesell did not submit a grievance, and he was released from prison and hospitalized roughly four months later. At that point, of course, he could not take advantage of the prison's administrative requirements.

He eventually returned to prison in 2013. Upon his return to prison, he filed a grievance based on the medical treatment received three years earlier. But he was out of time to file a grievance based on his medical treatment in February 2010; a grievance had been due within seven working days of the incident or the date that he should have known of a grievable incident. Authorities declined to consider the grievance on the ground that it was late. Months later, Mr. Whitesell submitted a Level Two appeal. This appeal was also denied, and Mr. Whitesell never pursued a Level Three appeal.

3

Mr. Whitesell argues that (1) he did not know about the mistreatment until administrative remedies became unavailable, (2) he had no available remedy because the deadline for a grievance had passed, and (3) a Level Three appeal would have been futile. We reject these arguments.

Mr. Whitesell argues that he did not know that he had pneumonia until he was hospitalized four months later. But Mr. Whitesell did not need a medical diagnosis to submit a grievance for improper medical treatment. And he cannot avoid exhaustion by failing to take advantage of available remedies until the passage of time renders them unavailable. *Woodford v. Ngo*, 548 U.S. 81, 87 (2006). But even if Mr. Whitesell could be excused from submitting the grievance out of time, he was again late when he filed an administrative appeal at Level Two. And when he obtained an unfavorable decision, he failed to file anything at Level Three. The failure to properly complete Levels Two and Three would foreclose exhaustion even if the delay at Level One had otherwise been excusable. *See id*. at 95.

Mr. Whitesell also argues that a Level Three appeal would have been futile because a grievance officer stated that such an appeal would be rejected. In urging futility, Mr. Whitesell relies on Justice Breyer's concurrence in *Woodford v. Ngo*, 548 U.S. 81 (2006); *see id*. at 103-04 (Breyer, J. concurring). But Justice Breyer was not speaking for a majority, and a majority of the Supreme Court has held that futility does not excuse exhaustion under § 1997e(a). *Booth v. Churner*, 532 U.S. 731, 741 n.6

4

(2001). Thus, the failure to pursue a Level Three appeal cannot be excused based on futility.

* * *

In these circumstances, the district court correctly concluded that no genuine issue of material fact existed on the issue of exhaustion. As a result, we affirm the award of summary judgment to the defendant.

## 4.    Timing of the District Court's Decision

Mr. Whitesell also contends that the district court waited too long to decide the summary-judgment motion. According to Mr. Whitesell, the district court's failure to decide the motion within 180 days required a default judgment in favor of the plaintiff.  No support exists for this argument: a district court's delay in deciding a summary-judgment motion does not support a decision by default for either side.

## 5.    Leave to Proceed in Forma Pauperis

Though we affirm the award of summary judgment to the defendant, we grant leave to Mr. Whitesell to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5

17-4050      Whitesell v. Burnham

**HARTZ**, Circuit Judge, concurring:

I concur because of failure to exhaust appellate remedies.